**FILED**

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA

JAN 2 8 2016

CLERK U.S. BANKRUPTCY
ORLANDO DIVISION

In re:   Case No.: 6:15-bk-01838-KSJ
JODELL M. ALTIER
Debtor

GOSHEN MORTGAGE, LLC   Adversary Proceeding No: 6:15-bk-01838-KSJ
Plaintiff
v.
JODELL M. ALTIER
Defendant

## MOTION TO SET ASIDE DEFAULT JUDGMENT

In accordance with Rule 60(b) of the Federal Rules of Civil Procedure, JODELL M. ALTIER ("Defendant"), Pro Se, moves to set aside the Clerk's Default entered against her and hereby gives states as follows:

### I.   Introduction

1. Defendant asserts that setting aside the default is in the interest of justice. Firstly, the judgment is void as a matter of law pursuant to Rule 60(b)(4). The Court lacked personal jurisdiction over Defendant thereby rendering the default void. The default is also void because Defendant declares that she was never properly served with process. Secondly, the clerk's default should be set aside under Rule 60(b)(6) because the extraordinary circumstances of this case and the demands of justice compel such relief. Relief in the interests of justice is required under Rule 60(b)(6) where, following the filing of the Complaint, the fact of the matter is that Defendant was not given proper notice of this instant action.

2. Defendant has continually represented herself Pro Se in the UNITED STATES BANKRUPTCY COURT, MIDDLE DISTRICT OF FLORIDA, Case No. 6:15-bk-01838-KSJ. Defendant is not an attorney and cannot act as a reasonable attorney,

therefore, she should not be held to the same standard of a reasonable lawyer. Defendant is in the process of hiring counsel to represent her in this action.

## II. History of Proceedings

1. On November 19, 2015, Plaintiff, GOSHEN MORTGAGE, LLC ('GOSHEN") filed a Complaint against Defendant. The Complaint sues Defendant objecting to the Debtor's general discharge along the basis that (1) Debtor concealed information from which the Debtor's financial condition or business transactions might be ascertained, and (2) Debtor knowingly and fraudulently made a false oath or account in or in connection with the above referenced bankruptcy case.

2. On January 5, 2016 the Clerk of Court entered a clerk's default against Defendant.

3. Defendant now asks this Honorable Court to set aside the Clerk's Default for the reason's raised in this filing.

## III. Argument

1. Pursuant to Bankruptcy Rule 9024, F.R.C.P. 60 applies to adversary proceedings filed in a bankruptcy case. F.R.C.P. 60(b) states in pertinent part …On Motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that

justifies relief. *See William G. Kranich, Jr. and Duval Financial Corp., Debtor v. Sunland Properties, Inc.*, 51 B.R. 286, United States Bankruptcy Court, M.S. Florida, Tampa Division.

2. In *William G. Kranich, Jr. and Duval Financial Corp., Debtor v. Sunland Properties, Inc.*, a Motion for Relief from Final Judgment by Default was filed by William G. Kranich, III and June Elizabeth Kranich, Defendants, in the above-styled adversary proceeding. The Defendant sought to have a final judgment by default set aside pursuant to B.R. 9024.

3. Similar as in this instant action, June Elizabeth Kranich alleged in the Motion for Relief from Final Judgment by Default, that she was not served with the complaint, had no knowledge of the lawsuit and was unable to defend said lawsuit.

4. Like in this instant action, Defendants contended that they were not sufficiently experienced in legal matters to understand the importance of the papers and pleadings served. Furthermore, June Kranich contends that she was never served with the complaint nor did she have actual knowledge of the law suit until June of 1984.

5. As stated above, Defendant in this instant action was not familiar with bankruptcy legal matters and was under the impression that she would have to be served via process server as in previous Foreclosure Actions she was involved in.

6. Moreover, in her defense, Defendant alleges that Pro Se pleadings should be considered without regard to technicality because Pro Se litigants' pleadings are not to be held to the same standards of perfections as Lawyers. *See Picking v. Pennsylvania R. Co.*151 F.2d.240.

7. Pro Se litigants have generally been given reasonable opportunity to remedy defects in

order to provide the constitutional right of access to the courts which allows those who may not be able to afford legal representation a fair opportunity to litigate their claims and to represent themselves in court. *See Platsky v. C.I.A* 953 F.2d.25 citing *Reynoldson v. Shillinger* 907F.2d.124,16 (10th Cir. 1990); *see also Jaxon v. Circle K. Corp.* 773 F2d.1138,1140 (10th Cir. 1985)(1)

8. The Defendant's actions in this case have not been outlandish and have not exceeded the latitude granted by courts concerning Pro Se litigants. Defendant has not attempted to use pleadings as a method of unreasonably burdening and abusing the court system and, therefore, is entitled to leniency from the Court.

9. For that reason, Defendant asks that this Honorable Court consider what should be expected from a reasonable pro se litigant and to hold Defendant to the standard of what a reasonable pro se litigant would know.

10. That being said, public policy favors the setting aside of defaults so that controversies may be decided on the merits and Defendant believes that she is capable of establishing the necessary requirements to have this Court set aside the Clerk's Default.

11. Defendant was purportedly served via FedEx mail on or around November 23, 2015 but was under the impression that she would have to be served via process server.

12. At the time of the Clerk's Default on January 5, 2016 – unbeknownst to Defendant - she was actively searching legal counsel and patiently awaiting service of the Adversary Complaint.

13. Defendant files her responsive pleading in conjunction with this Motion to Set Aside Default thereby raising a meritorious defense.

14. Finally, the Defendant has exercised due diligence in moving to vacate or set aside the

default immediately.

15. Because Bankruptcy courts are inherently courts of equity with broad remedial powers, Defendant believes that the Court would not run afoul of the "just terms" contemplated by Rule 60(b), as well as the overarching equitable principles governing the exercise of bankruptcy jurisdiction. Should this Honorable Court deny Defendant's motion, there would be substantial prejudice that would result to the Debtor if the Clerk's Default was not set aside because Defendant has presented exceptional situation which requires Defendant have the chance to due process.

Respectfully submitted,

*(signature)*
Jodell Altier, Pro Se
2507 Roat Drive
Orlando, FL 32835

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing document has been furnished by U.S. Mail and/or email to the parties listed below this 28 day of January, 2016.

Gene T. Chambers, Trustee P.O. Box 533987, Orlando, Florida 32801, U.S. Trustee, United States Trustee, Office of the United States Trustee, George C. Young Federal Building, 400 West Washington Street, Suite 1100, Orlando, FL 32801

Justin M. Luna of Lathem, Shuker, Eden & Beaudine LLP, P.O. Box 3353 Orlando, Florida 32802-3353, Attorneys for Goshen Mortgage, LLC

Michael A Nardella, Esq. of Nardella & Nardella PLLC, 250 E. Colonial Dr. #102 Orlando, FL. 32801

Antonio Alonso, Esq. of Choice Legal Group P.A., PO Box 9908 Fort Lauderdale, FL 33310-0908 Attorney for Seterus Inc. as the authorized sub servicer for Federal National Mortgage Association, Grande Legacy Group 8104 Hook Circle Orlando, FL 32836

Jodell Altier, Pro Se
2507 Roat Drive
Orlando, FL 32835