# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION
### www.flmb.uscourts.gov

In re:

JODELL M. ALTIER,

        Debtor.

_____/

GOSHEN MORTGAGE, LLC,

        Plaintiff,

v.

JODELL M. ALTIER,

Defendant.

_____/

  GOSHEN MORTGAGE, LLC,

      Plaintiff,

  v.

  JODELL M. ALTIER, et al.,
      Defendants.

_____/

CASE NO.     6:15-bk-01838-KSJ

CHAPTER 7

ADV. PRO. NO.:  6:15-ap-00156-KSJ

ADV. NO.: 6:16-ap-00013-KSJ

---

## NOTICE OF OPPORTUNITY TO OBJECT AND FOR HEARING

      Pursuant to Local Rule 2002-4, the Bankruptcy Court will consider this motion, objection or other matter, without further notice or hearing unless a party in interest files an objection within twenty one (21) days from the date set forth on the proof of service attached to this motion, plus an additional three days for service.  If you object to the relief requested in this motion, you must file your objection with the Clerk of the Bankruptcy Court, Lee Ann Bennett, George C. Young Federal Courthouse, 400 W. Washington Street, Orlando, FL 32801 and serve a copy on counsel for Goshen Mortgage, LLC, Justin M. Luna, Esq., Latham, Shuker, Eden & Beaudine, LLP, P.O. Box 3353, Orlando, Florida 32802-3353, and any other appropriate persons within the time allowed.

      If you file and serve an objection within the time permitted, the Bankruptcy Court may schedule and notify you of a hearing, or the Bankruptcy Court may consider the response and may grant or deny the relief requested without a hearing. If you do not file an objection within the time permitted, the Bankruptcy Court will consider that you do not oppose the granting of the relief requested in the motion, will proceed to consider the motion without further notice or hearing, and may grant the relief requested.

## GOSHEN MORTGAGE, LLC'S MOTION FOR SUMMARY JUDGMENT

Plaintiff, **GOSHEN MORTGAGE, LLC** ("Goshen"), by and through its undersigned counsel, pursuant to 28 U.S.C. § 2201, Florida Statutes § 65.011, *et. seq.* and Rule 7056, *Federal Rules of Bankruptcy Procedure*, hereby moves for partial summary judgment as to Count VI and Count XI of the *Adversary Complaint to Determine and Declare Extent of Estate's Interest in Real Property, to Quiet Title, and to Recover Actual and Constructive Fraudulent Transfers* (Adv. Doc. No. 1, Case No: 16-ap-00013-KSJ) and in support thereof, states as follows:

## STATEMENT OF UNDISPUTED FACTS AND PROCEDURAL POSTURE

1.      On March 4, 2015, Jodell M. Altier (the "Debtor") filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code.

2.      On January 21, 2016, the Trustee for the Debtor's estate filed the instant adversary complaint seeking, *inter alia*, declaratory relief regarding the title ownership of real property previously titled in the name of the Debtor (the "Complaint").  (Adv. Doc. No. 1). Goshen has subsequently been substituted in as the party plaintiff in this action.

3.      On March 24, 2016, the Debtor and her husband, Joseph Altier ("Mr. Altier") filed their Answer to the Complaint (the "Altier Answer"). A true and correct copy of the Altier Answer is attached hereto as **Exhibit "A."**

4.      On March 25, 2016, Jill Altier and Jennifer Sandman filed their answer to the Complaint (the "Trust Answer"). (Doc. No. 29).  A true and correct copy of the Trust Answer is attached hereto as **Exhibit "B."**

5.      On June 27, 2016, the Court entered a default against Grande Legacy Group ("GLG"). (Doc. No. 32).  As a result of the default, GLG has admitted all material allegations of the Complaint.

### A.  The Kettle Drive Property

2.      On or around March 15, 2002, the Debtor obtained sole title to 2012 Kettle Drive, Orlando, Florida 32835 (the "Kettle Drive Property") pursuant to a Warranty Deed executed by James R. Henson and recorded in the Public Records of Orange County, Florida, in Book 6485, Page 5610 (the "2002 Kettle Deed"). A copy of the 2002 Kettle Deed is attached hereto as **Exhibit "C"**. *See also* para.18, Altier Answer.

3.      The Kettle Drive Property is more particularly described as follows:

Lot 67, Metrowest Unit Two Replat, according to the map or plat thereof, as recorded in Plat Book 23, Page(s) 120 and 121, of the Public Records of Orange County, Florida.

*See* para.19, Altier Answer.

3.      On or around July 10, 2012, Debtor conveyed the Kettle Drive Property to the Defendants, Sandman and Jill Altier as successor co-trustees of the Altier Family Irrevocable Trust U/A DTD 7/9/2002 (the "Trust"), pursuant to a Special Warranty Deed recorded in the Public Records of Orange County, Florida, in Book 10411, Page 4940 (the "2012 Kettle Deed"). A copy of the 2012 Kettle Deed is attached hereto as **Exhibit "D"**. *See* para.20, Altier Answer.

4.      On or around September 17, 2013, the Kettle Drive Property was conveyed by Trustee Jodell Altier and Trustee Joseph Altier to Grande Legacy Group ("GLG") pursuant to a Warranty Deed recorded in the Public Records of Orange County, Florida, in Book 10636, Page 3465 (the "2013 Kettle Deed"). A copy of the 2013 Kettle Deed is attached hereto as **Exhibit "E"**. *See also* Debtor's Amended Statement of Financial Affairs, para. 18. (Doc. No. 84).

### B.  The Lanternback Property

6.      On or around June 7, 2002, Debtor obtained title to real property located at 280 Lanternback Island Drive, Satellite Beach, Brevard County, Florida 32937 (the "Lanternback

Property") pursuant to a General Warranty Deed executed by Glenn C. Morris and June C. Heineman Morris and recorded in in the Public Records of Brevard County, Florida, at Book 4613, Page 2224 (the "2002 Lanternback Deed"). A copy of the 2002 Lanternback Deed is attached hereto as **Exhibit "F"**. *See para. 27, Altier Answer.*

      7.     The Lanternback Property is more particularly described as follows:

> Lot 28, Block 7, TORTOISE ISLAND, PHASE FOUR, P.U.D.,
> according to the plat thereof as recorded in Plat Book 34, Pages 69
> through 79 of the Public Records of Brevard County, Florida.

> *See para. 28, Altier Answer.*

      8. On or around July 10, 2012, Debtor conveyed the Lanternback Property to the Defendants, Sandman and Jill Altier as successor co-trustees of the Family Trust pursuant to a Special Warranty Deed recorded in the Public Records of Brevard County, Florida, in Book 6647, Page 2372 (the "2012 Lanternback Deed"). A copy of the 2012 Lanternback Deed is attached hereto as **Exhibit "G"**. *See para. 29, Altier Answer.*

      9.     On or around September 17, 2013, the Lanternback Property was conveyed by Trustee Jodell Altier and Trustee Joseph Altier to GLG pursuant to a Warranty Deed recorded in the Public Records of Brevard County, Florida, in Book 6972, Page 2207 (the "2013 Lanternback Deed"). A true and correct copy of the 2013 Lanternback Deed is attached hereto as **Exhibit "H"**. *See also* Debtor's Amended Statement of Financial Affairs, para. 18. (Doc. No. 84).

      10.     The Debtor agrees that the Lanterback Property and Kettle Drive Property were transferred and are titled with GLG. *2004 Examination of Jodell M. Altier*, pp. 31, Lines 4-10 (the "2004 Examination Testimony"). A true and correct copy of the 2004 Examination Testimony is attached hereto as **Exhibit "I."** *See also Deposition of Jodell M. Altier*, pp. 32,

Lines 10-25 and pg. 33, Lines 1-2 (the "Debtor's Deposition").  A true and correct copy of the Debtor's Deposition is attached hereto as **Exhibit "J."**

11.     Joseph Altier agrees that the Lanternback Propery and Kettle Drive Property are properly titled and belong to GLG. *Deposition of Joseph E. Altier*, pg. 16, Lines 3-15, and attached Exhibit 6 (the "Joseph Altier Deposition Transcript").  A true and correct copy of the Joseph Altier Deposition Transcript and referenced exhibit are attached hereto as **Exhibit "K."**

## MEMORANDUM OF LAW

A court may grant summary judgment where "there is no genuine issue as to any material facts and the moving party is entitled to judgment as a matter of law." The moving party has the burden to establish the right to summary judgment with the evidence viewed in a light most favorable to the non-moving party. *Kapila v. Phillip Buick-Pontiac-GMC Truck, Inc.* (*In re ATM Fin. Srvs., LLC*), 2011 WL 2580763, *3 (Bankr. M.D. Fla. 2011). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial" *Id.*; *quoting Matasushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 572, 587 (1986).

Based on the undisputed record evidence, the admissions by the parties, the Altiers' own testimony and taking judicial notice of the pleadings and hearing related to the Altiers' own creation of,  and transfer of property to, GLG, it is clear that title to the Kettle Drive Property and Lanternback Property vests with GLG.

Goshen requests this Court enter a judgment declaring that the Kettle Drive Property and Lanternback Property are property of GLG and quieting title to these properties free and clear of any interest in which the Altiers or the Trust may claim and declaring that GLG has the legal

right, as property owner to sell or otherwise dispose of the Kettle Drive Property and Lanternback Property.

**WHEREFORE**, Goshen respectfully requests this Court enter summary judgment as to Counts VI and XI as set forth above and for such further relief this Court deems just and proper.

**RESPECTFULLY SUBMITTED** this 15th day of September, 2016.

/s/ Justin M. Luna
**Justin M. Luna, Esq.**
Florida Bar No. 0037131
Jluna@lseblaw.com
**Daniel A. Velasquez, Esq.**
Florida Bar No. 0098158
Dvelasquez@lseblaw.com
**LATHAM, SHUKER, EDEN & BEAUDINE, LLP**
bknotice@lseblaw.com
111 N. Magnolia Ave., Suite 1400
Orlando, Florida 32801
Telephone: 407-481-5800
Facsimile:  407-481-5801
*Attorneys for Plaintiff, Goshen Mortgage, LLC.*

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**
**www.flmb.uscourts.gov**

In re:                                          CASE NO.:   6:15-bk-01838-KSJ

JODELL M. ALTIER,                               CHAPTER 7

       Debtor.
_____/

GOSHEN MORTGAGE, LLC,

       Plaintiff,               ADV. PRO. NO.:  6:15-ap-00156-KSJ
v.

JODELL M. ALTIER,

Defendant.
_____/

 GENE T. CHAMBERS,                              ADV. NO.: 6:16-ap-00013-KSJ

    Plaintiff,
 v.
 JODELL M. ALTIER, et al.,
    Defendants.
_____/

## CERTIFICATE OF SERVICE

     **I HEREBY CERTIFY** that a true copy of **GOSHEN MORTGAGE, LLC'S MOTION FOR SUMMARY JUDGMENT**, together with all exhibits, has been furnished electronically to those parties entitled to receive electronic notice in this case, or via U.S. First Class, postage prepaid mail to: SunTrust Bank, c/o Jules S. Cohen, Akerman LLP, P.O. Box 231, Orlando, Florida 32802-0231, via email to: jules.cohen@akerman.com; SunTrust Bank, attn.: Support Services, P.O. Box 85092, Richmond, Virginia 23286, Jonathan B. Alper, Esq., a/f Joseph and Jodell Altier, 274 Kipling Court, Heathrow, Florida 32746, via email to: jalper@alperlaw.com, Darrin C. Lavine, 2170 W. SR 434, Suite 260, Longwood, Florida 32779, via email to: dlavine@titanreservegroup.com; Jennifer E. Sandman, as Trustee of the Altier Family Irrevocable Trust, 13424 Swan Sea Avenue, Windermere, Florida 34786-7359; Jill A. Altier, as Trustee of the Altier Family Irrevocable Trust, 2507 Roat Drive, Orlando, Florida 32835, this 15th day of September 2016.

                                 /s/ Justin M. Luna
                                 Justin M. Luna, Esq.

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:

      JODELL ALTIER

         Debtor

Case No. 6:15-bk-1838-KSJ

_____/

GENE T. CHAMBERS, Trustee,
        Plaintiff,
vs.
JODELL ALTIER, et al.
        Defendants.

Case No. 6:16-ap-13-KSJ

_____/

## ANSWER

The Defendants, JODELL ALTIER and JOSEPH E. ALTIER, file their Answer to Plaintiff's

Complaint and state as follows:

1.     Admit for jurisdictional purposes only.

2.     Admit for jurisdictional purposes only.

3.     Admit for jurisdictional purposes only.

4.     Admit for jurisdictional purposes only.

5.     Admit.

6.     Admit.

7.     Admit.

8.     Admit that the Family Trust is established under the laws of Florida. Deny the remainder.

9.     Deny for lack of knowledge.

10.    Admit that Defendants reside in Orange County, Florida, and are subject to the jurisdiction

        of this Court. Deny that Defendants are trustees of an "unknown trust." Deny remaining

## EXHIBIT "A"

allegations of fact, if any.

11.    Admit.

12.    Admit.

13.    Admit that the property was conveyed to GLG pursuant to a warranty deed. Admit that a copy of the deed was attached to the Complaint. Deny that the property was transferred by Joseph Altier in any capacity. Deny that the property was transferred by Jodell Altier as a trustee.

14.    Deny for lack of knowledge.

15.    Deny as to the contents of the deed as the document speaks for itself. Deny for lack of knowledge as to the remainder.

16.    Deny.

17.    Deny.

18.    Admit.

19.    Admit.

20.    Admit.

21.    Deny.

22.    Deny.

23.    Deny for lack of knowledge.

24.    Deny as to the contents of the deed as the document speaks for itself. Deny for lack of knowledge as to the remainder.

25.    Deny for lack of knowledge.

26.    Deny.

27.    Admit.

28.   Admit.

29.   Admit.

30.   Deny.

31.   Deny.

32.   Deny for lack of knowledge.

33.   Deny as to the contents of the deed as the document speaks for itself. Deny for lack of knowledge as to the remainder.

34.   Deny for lack of knowledge

35.   Deny.

36.   Admit and deny as set forth previously.

37.   Admit for jurisdictional purposes only.

38.   Admit for jurisdictional purposes only.

39.   Deny.

40.   Admit.

41.   Deny.

42.   Deny.

43.   Admit and deny as set forth previously.

44.   Admit for jurisdictional purposes only.

45.   Admit.

46.   Admit.

47.   Deny.

48.   Deny.

49.   Deny.

50. Deny.

51. Deny.

52. Deny.

53. Admit and deny as set forth previously.

54. Admit for jurisdictional purposes only.

55. Admit.

56. Admit.

57. Deny.

58. Deny.

59. Deny.

60. Deny.

61. Deny for lack of knowledge.

62. Deny.

63. Deny.

64. Admit and deny as set forth previously.

65. Admit for jurisdictional purposes only.

66. Admit.

67. Admit.

68. Deny.

69. Deny.

70. Deny.

71. Deny.

72. Deny.

73. Admit that Debtor retained possession. Deny remainder.

74. Deny.

75. Deny.

76. Deny.

77. Admit and deny as set forth previously.

78. Admit for jurisdictional purposes only.

79. Admit.

80. Admit.

81. Deny.

82. Deny.

83. Deny.

84. Deny.

85. Deny.

86. Admit that Debtor retained possession. Deny remainder.

87. Deny.

88. Deny for lack of knowledge.

89. Deny.

90. Deny.

91. Admit and deny as set forth previously.

92. Admit for jurisdictional purposes only.

93. Admit for jurisdictional purposes only.

94. Deny.

95. Deny.

96.     Deny for lack of knowledge.

97.     Deny.

98.     Deny.

99.     Admit and deny as set forth previously.

100.    Admit for jurisdictional purposes only.

101.    Deny.

102.    Deny.

103.    Deny.

104.    Deny.

105.    Deny.

106.    Deny.

107.    Deny.

108.    Deny.

109.    Admit and deny as set forth previously.

110.    Admit for jurisdictional purposes only.

111.    Admit as to the transfer to the Family Trust and the 2012 Kettle Deed. Deny remainder.

112.    Admit as to the 2012 Kettle Deed. Deny remainder.

113.    Deny.

114.    Deny.

115.    Deny.

116.    Deny.

117.    Deny.

118.    Deny.

119.    Deny.

120.    Admit and deny as set forth previously.

121.    Admit for jurisdictional purposes only.

122.    Deny.

123.    Deny.

124.    Deny.

125.    Deny.

126.    Deny.

127.    Deny.

128.    Deny.

129.    Deny.

130.    Deny.

131.    Deny.

132.    Deny.

133.    Admit and deny as set forth previously.

134.    Admit for jurisdictional purposes only.

135.    Admit as to the transfer to the Family Trust and the 2012 Kettle Deed. Deny remainder.

136.    Admit as to the 2012 Kettle Deed. Deny remainder.

137.    Deny.

138.    Deny.

139.    Deny.

140.    Deny.

141.    Deny.

142.    Deny.

143.    Deny.

144.    Admit and deny as set forth previously.

145.    Admit for jurisdictional purposes only.

146.    Admit for jurisdictional purposes only.

147.    Deny.

148.    Deny.

149.    Deny for lack of knowledge.

150.    Deny.

151.    Deny.

152.    Admit and deny as set forth previously.

153.    Admit for jurisdictional purposes only.

154.    Deny.

155.    Deny.

156.    Deny.

157.    Deny.

158.    Deny.

159.    Deny.

160.    Deny.

161.    Deny.

162.    Deny.

163.    Admit and deny as set forth previously.

164.    Admit for jurisdictional purposes only.

165. Admit as to the transfer to the Family Trust and the 2012 Lanternback Deed. Deny remainder.

166. Admit as to the 2012 Lanternback Deed. Deny remainder.

167. Deny.

168. Deny.

169. Deny.

170. Deny.

171. Deny.

172. Deny.

173. Deny.

174. Admit and deny as set forth previously.

175. Admit for jurisdictional purposes only.

176. Deny.

177. Deny.

178. Deny.

179. Deny.

180. Deny.

181. Deny.

182. Deny.

183. Deny.

184. Deny.

185. Deny.

186. Deny.

187.  Admit and deny as set forth previously.

188.  Admit for jurisdictional purposes only.

189.  Admit as to the transfer to the Family Trust and the 2012 Lanternback Deed. Deny remainder.

190.  Admit as to the 2012 Lanternback Deed. Deny remainder.

191.  Deny.

192.  Deny.

193.  Deny.

194.  Deny.

195.  Deny.

196.  Deny.

197.  Deny.

I HEREBY CERTIFY a copy of the foregoing has been provided by either U.S. Mail, facsimile, or electronic transmission this 24th day of March, 2016, to Joseph Altier, 2507 Roat Drive, Orlando, FL 32835; Jodell Altier, 2507 Roat Drive, Orlando, FL 32835; Gene T. Chambers, Chapter 7 Trustee, PO Box 533987, Orlando, FL 32853; Michael A. Nardella, Nardella & Nardella PLLC, 250 E Colonial Dr., Suite 102, Orlando, FL 32801; and United States Trustee, George C Young Federal Courthouse, 400 W Washington Street, Orlando, FL 32801.

ALPER LAW, PLLC

/s/ Jonathan B. Alper
Jonathan B. Alper, Esq.
Fla. Bar # 208681
jalper@alperlaw.com

/s/ Gideon I. Alper
Gideon I. Alper, Esq.
Fla. Bar #95874
galper@alperlaw.com

274 Kipling Court
Heathrow, Florida 32746
Telephone (407) 444-0404
Secondary Email: jroyal@alperlaw.com
Attorneys for Jodell Altier & Joseph Altier

FILED

MAR 25 2016

CLERK U.S. BANKRUPTCY,
ORLANDO DIVISION

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:

     JODELL ALTIER

     Debtor

Case No. 6:15-bk-1838-KSJ

_____/

GENE T. CHAMBERS, Trustee,
     Plaintiff,
vs.
JODELL ALTIER, et al.
     Defendants.

Case No. 6:16-ap-13-KSJ

_____/

## ANSWER

The Defendants, JILL A. ALTIER, and JENNIFER SANDMAN, as Successor Co-Trustees of the

Altier Family Irrevocable Trust U/A DTD 7/9/2002.

1.    Paragraph 8: Defendants admit to being trustees of the trust but have no knowledge about

     the creation of the Trust.

2.    Paragraph 20: The deed speaks for itself.  Defendants have no knowledge about the

     preparation of the deed.

3.    Paragraph 29: The deeds speaks for itself.  Defendants have no knowledge about the

     preparation of the deed.

4.    Defendants have no knowledge about any other allegations in the Complaint.

Dated this 25th day of March, 2016.

_____
Jill A. Altier, Defendant

_____
Jennifer Sandman, Defendant

**EXHIBIT "B"**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been provided by either U.S. Mail, facsimile, or electronic transmission this 25th day of March 2016 to the following parties:

1. Gene T. Chambers, Trustee P.O. Box 533987, Orlando, Florida 32801, U.S. Trustee,

2. Joseph E. Altier, 2507 Roat Drive, Orlando, FL 32835

3. Jodell M. Altier, 2507 Roat Drive, Orlando, FL. 32835

4. Michael A Nardella, Esq. of Nardella & Nardella PLLC, 250 E. Colonial Dr. #102 Orlando, FL. 32801,

5. United States Trustee, Office of the United States Trustee, George C. Young Federal Building, 400 West Washington Street, Suite 1100, Orlando, FL 32801,

6 Grande Legacy Group 2507 Roat Dr. Orlando, FL. 32835

OR Bk 6485 Pg 5610
Orange Co FL 2002-0144473
03/25/2002   03:44:58pm
Rec 6.00 DSC 525.00
Recorded - Martha O. Haynie

This Instrument Prepared by and Return to:
**ANA M. FLOWERS**
ORANGE TITLE, INC.
2002 E. ROBINSON STREET
ORLANDO, FL  32803



Property Appraisers Parcel Identification (Folio) Numbers:
03-23-28-5609-00670
Grantee SS #:

_____ SPACE ABOVE THIS LINE FOR RECORDING DATA _____

**THIS WARRANTY DEED**, made the **15th** day of **March**, A.D. **2002** by **JAMES R. HENSON, Individually and as Trustee** herein called the grantor, whose post office address is **P.O. Box 3643, Orlando, Florida 32805,** to **JODELL M. ALTIER, a married woman** whose post office address is **2507 Roat Drive, Orlando, Florida 32835,** hereinafter called the Grantee:

(Wherever used herein the terms "grantor" and "grantee" include all the parties to this instrument and the heirs, legal representatives and assigns of individuals, and the successors and assigns of corporations)

**W I T N E S S E T H :**  That the grantor, for and in consideration of the sum of TEN AND 00/100'S ($10.00) Dollars and other valuable considerations, receipt whereof is hereby acknowledged, hereby grants, bargains, sells, aliens, remises, releases, conveys and confirms unto the grantee all that certain land situate in ORANGE County, State of Florida, viz:

> **Lot 67, METROWEST UNIT 2 REPLAT, according to the Plat thereof as recorded in Plat Book 23, Pages 120 and 121, of the Public Records of Orange County, Florida.**
>
> **THIS IS NOT NOW NOR HAS IT EVER BEEN THE HOMESTEAD OF THE GRANTOR.**
>
> **Subject to easements, restrictions and reservations of record and to taxes for the year 2002 and thereafter.**

**TOGETHER,** with all the tenements, hereditaments and appurtenances thereto belonging or in anywise appertaining.

**TO HAVE AND TO HOLD,** the same in fee simple forever.

**AND,** the grantor hereby covenants with said grantee that the grantor is/are lawfully seized of said land in fee simple; that the grantor has good right and lawful authority to sell and convey said land, and hereby warrants the title to said land and will defend the same against the lawful claims of all persons whomsoever; and that said land is free of all encumbrances, except taxes accruing subsequent to December 31, 2001

**IN WITNESS WHEREOF,** the said grantor has signed and sealed these presents the day and year first above written.

Signed, sealed and delivered in the presence of:

_____
**Signature**
_____
**Printed Signature**
_____
**Signature**
_____
**Printed Signature**

_____ L.S.
**JAMES R. HENSON, Individually and as Trustee**

**STATE OF FLORIDA**
**COUNTY OF ORANGE**

The foregoing instrument was acknowledged before me this **15th** day of **March, 2002** by JAMES R. HENSON  who is/are personally known to me or has produced _____ as identification.

**SEAL**

_____
Notary Signature
_____
Printed Notary Signature

My Commission Expires:

Jill A Civiero
My Commission CC728970
Expires March 29, 2002

File # 5609-888

**EXHIBIT "C"**

This Instrument Prepared By:
JAMES C. HINCKLEY
Florida Bar Number 360341
121 S. Orange Avenue, Suite 1500
Orlando, FL 32801
(407) 377-6391

```
DOC# 20120383014 B: 10411 P: 4940
07/18/2012 02:15:28 PM  Page 1 of 2
Rec Fee: $18.50
Deed Doc Tax: $0.70
DDR Admin Fee: $0.00
Intangible Tax: $0.00
Mortgage Stamp: $0.00
Martha O. Haynie, Comptroller
Orange County, FL
SR - Ret To: JAMES C HINCKLEY P A
```

Tax Appraiser's I.D. Number: 03-23-28-5609-00670

## SPECIAL WARRANTY DEED

THIS SPECIAL WARRANTY DEED made the _10_ day of _July_, 2012, by Jodell M. Altier, a married woman, whose post office address is 2507 Roat Drive, Orlando, FL 32835 (hereinafter referred to as the "Grantor"), to Jennifer E. Sandman and Jill A. Altier, Successor Co-Trustees, Altier Family Irrevocable Trust U/A DTD 7/9/2002, whose post office address is 2507 Roat Drive, Orlando, FL 32835 (hereinafter referred to as the "Grantee").

(Whenever used herein the terms "Grantor" and "Grantee" include all the parties to this instrument and the heirs, legal representatives and assigns of individuals, and the successors and assigns of trustee)

## WITNESSETH:

That Grantors, for and in consideration of the sum of Ten Dollars ($10.00) and other valuable considerations, the receipt and sufficiency of which is hereby acknowledged, hereby grant, bargain, sell, alien, remise, release, convey and confirm unto Grantee, all of the Grantors' right, title and interest in and to that certain real property situate, lying and being in Orange, Florida (hereinafter referred to a the "Property") and being more particularly described as follows:

Lot 67, METROWEST UNIT 2 REPLAT, according to the plat thereof as recorded in Plat Book 23, Pages 120 and 121 of the Public Records of Orange County, Florida.

This is not nor has it ever been the homestead of the Grantor.

Subject to restrictions and easements of record, if any.

TOGETHER, with all of the tenements, hereditaments, and appurtenances thereto belonging or in anywise appertaining.

TO HAVE AND TO HOLD, the same in fee simple forever.

AND Grantors hereby covenants with Grantee that Grantors are lawfully seized of the Property in fee simple; that the Grantors have good right and lawful authority to sell the Property; and hereby warrant the title to the Property and will defend the same against the lawful claims of all persons claiming by, through or under the Grantors. This conveyance is subject to taxes accruing subsequent to December 31, 2011, and to easements, restrictions, agreements, conditions, limitations and reservations of record, but this reference to restrictions shall not operate to reimpose same.

Grantee shall have the power and authority either to protect, conserve and to sell, or to lease, or to encumber, otherwise to manage and dispose of the real property described herein, in accordance with F.S. 689.071. The successor trustee shall have the same powers granted to the original trustees, as set forth above.

IN WITNESS WHEREOF, the party of the first part have hereunto set her hand and seal the day and year first above written.

EXHIBIT "D"

Signed, Sealed and Delivered in Our Presence:

_Steve R. Sandman_

_Dave Scott_

_Jodell M. Altier_
Jodell M. Altier

STATE OF FLORIDA        )
                SEMINOLE  )
COUNTY OF ~~ORANGE~~        )


        The foregoing instrument was acknowledged before me this 10
day of ___JULY___, 2012 by Jodell M. Altier.


Notary Public

> JULIE TRUJILLO
> Notary Public · State of Florida
> My Comm. Expires Jun 6, 2014
> Commission # DD 965327

Personally Known __✓__    OR Produced Identification _____
Type of Identification Produced _____

Prepared by:

After Recorded return to
Jodell M. & Joseph E. Altier
2507 Roat Dr
Orlando, FL 32835

DOC# 20130497797 B: 10636 P: 3465
09/18/2013 03:13:41 PM  Page 1 of 2
Rec Fee: $18.50
Deed Doc Tax: $0.70
DOR Admin Fee: $0.00
Intangible Tax: $0.00
Mortgage Stamp: $0.00
Martha O. Haynie, Comptroller
Orange County, FL
SA - Ret To: JOSEPH ALTIER

## **Warranty Deed**

STATE OF FLORIDA                       )(
                                       )(
COUNTY OF ORANGE                       )(

KNOW ALL MEN BY THESE PRESENTS, that Jodell M. Altier & Joseph E. Altier, Trustees of Orange County Florida, grant and convey for Ten Dollars and other valuable considerations unto the said Grande Legacy Group (A Texas Joint-Stock Company) of Orange County, Florida all that certain residential lot and improvements known as:

       2122 Kettle Drive Orlando, Florida 32835

That property located and more specifically described as that property;

       Real property in the County of Orange, State of Florida –

*Legal Description:*

LOT 67, METROWEST UNIT REPLAT, ACCORDING TO THE PLAT THEREOF AS RECORDED IN PLAT BOOK 23, PAGES 120 AND 121 OF THE PUBLIC RECORDS OF ORANGE COUNTY, FLORIDA

PARCEL ID: 03-23-28-5609-00670

To have and to hold the above described premises, together with all and singular, the rights and appurtenances thereto in any wise belonging unto the said Grande Legacy Group its heirs or assigns forever, and we do hereby bind ourselves, our heirs, executors and administrators to warrant and forever defend all and singular the said premises unto the said Grande Legacy Group its heirs and assigns, against every person whomsoever lawfully claiming or to claim the same, or any part thereof. This Deed is subject to any liens and mortgages authorized and executed by the Grantors.

by _____
Jodell M. Altier, Trustee

_____
Joseph E. Altier, Trustee

_____
Witness
KATHERINE BECK
Print

_____
Witness
Michele Dobrucky
Print

Warranty Deed
Page 1 of 2

EXHIBIT "E"

STATE OF FLORIDA        )(
                        )(
COUNTY OF ORANGE        )(

On the 17 day of ___Sept___, 2013, before me came, Jodell M. Altier & Joseph E. Altier Trustees, known to me to be the individuals described in, and who executed the foregoing instrument, and he/her acknowledged that he/her executed the same, and in due form of law acknowledged the foregoing instrument to be his/her free act and deed and desired the same might be recorded as such.

Witness my hand and official seal.

_Javier Solis_____
Printed Name

_____  Notary Public in and for the State of Florida
My Commission Expires: __03|15|16__

JAVIER SOLIS
Notary Public - State of Florida
My Comm. Expires Mar 15, 2016
Commission # EE 179839
Bonded Through National Notary Assn.

Warranty Deed
Page 2 of 2

Prepared by:
Karen Perkins
The Title Station, Inc.
96 Willard Street, Suite 204
Cocoa, Florida 32922

File Number: 02-1093

CFN:2002144859
OR Book/Page: 4613 / 2224          06-11-2002 11:28 am

*Scott Ellis*
Clerk Of Courts, Brevard County

#Pgs: 1     #Names: 3          Serv: 0.00
Trust: 1.00     Rec: 5.00
Deed: 1,995.00                  Excise: 0.00
Mtg: 0.00                       Int Tax: 0.00

## General Warranty Deed

Made this June 7, 2002 A.D. By **Glenn C. Morris and June C. Heineman Morris**, husband and wife, hereinafter called the grantor, to **Jodell M. Attier**, whose post office address is:  6367 All America Blvd., Orlando, FL 32810, hereinafter called the grantee:

(Whenever used herein the term "grantor" and "grantee" include all the parties to this instrument and the heirs, legal representatives and assigns of individuals, and the successors and assigns of corporations)

**Witnesseth,** that the grantor, for and in consideration of the sum of Ten Dollars, ($10.00) and other valuable considerations, receipt whereof is hereby acknowledged, hereby grants, bargains, sells, aliens, remises, releases, conveys and confirms unto the grantee, all that certain land situate in  Brevard County, Florida, viz:

Lot 28, Block 7, TORTOISE ISLAND, PHASE FOUR, P.U.D., according to the Plat thereof, as recorded in Plat Book 34, Pages 69 through 79, of the Public Records of Brevard County, Florida.

Parcel ID Number: 26-37-22-80-00007.0-0028.00

**Together** with all the tenements, hereditaments and appurtenances thereto belonging or in anywise appertaining.

**To Have and to Hold,** the same in fee simple forever.

**And** the grantor hereby covenants with said grantee that the grantor is lawfully seized of said land in fee simple; that the grantor has good right and lawful authority to sell and convey said land; that the grantor hereby fully warrants the title to said land and will defend the same against the lawful claims of all persons whomsoever; and that said land is free of all encumbrances except taxes accruing subsequent to December 31, 2001.

**In Witness Whereof,** the said grantor has signed and sealed these presents the day and year first above written.

*Signed, sealed and delivered in our presence:*

_____                    _____ (Seal)
                                             **Glenn C. Morris**
Witness Printed Name **Karen Perkins**        Address: 1664 Country Cove Circle
                                                      Malabar, FL 32950

_____                    _____ (Seal)
                                             **June C. Heineman Morris**
Witness Printed Name **Kara L. Heber**        Address: 1664 Country Cove Circle
                                                      Malabar, FL 32950

State of FLORIDA
County of BREVARD

The foregoing instrument was acknowledged before me this June 7, 2002, by Glenn C. Morris and June C. Heineman Morris, husband and wife, who are personally known to me or who have produced **D.L.** as identification.

                                             _____
                                             Notary Public
                                             Print Name_____

            Karen Perkins
      MY COMMISSION # CC939311 EXPIRES       My Commission Expires:_____
            November 30, 2005
      BONDED THRU TROY FAIN INSURANCE, INC.

DEED Individual Warranty Deed - Legal on Face
Closers' Choice                              **EXHIBIT "F"**

2

This Instrument Prepared By:
JAMES C. HINCKLEY
Florida Bar Number 360341
121 S. Orange Avenue, Suite 1500
Orlando, FL 32801
(407) 377-6391

Tax Appraiser's I.D. Number: 27-37-22-8 0-00007.0-0028.00

## SPECIAL WARRANTY DEED

THIS SPECIAL WARRANTY DEED made the _10_ day of _July_,
2012, by Jodell M. Altier, a married woman, whose post office
address is 2507 Roat Drive, Orlando, FL 32835 (hereinafter referred
to as the "Grantor"), to Jennifer E. Sandman and Jill A. Altier,
Successor Co-Trustees, Altier Family Irrevocable Trust U/A DTD
7/9/2002, whose post office address is 2507 Roat Drive, Orlando, FL
32835 (hereinafter referred to as the "Grantee").

(Whenever used herein the terms "Grantor" and "Grantee"
include all the parties to this instrument and the heirs, legal
representatives and assigns of individuals, and the successors and
assigns of trustee)

### WITNESSETH:

That Grantors, for and in consideration of the sum of Ten
Dollars ($10.00) and other valuable considerations, the receipt and
sufficiency of which is hereby acknowledged, hereby grant, bargain,
sell, alien, remise, release, convey and confirm unto Grantee, all
of the Grantors' right, title and interest in and to that certain
real property situate, lying and being in Brevard County, Florida
(hereinafter referred to a the "Property") and being more
particularly described as follows:

Lot 28, Block 7, TORTOISE ISLAND, PHASE FOUR, P.U.D., according to
the plat thereof as recorded in Plat Book 34, Pages 69 through 79
of the Public Records of Brevard County, Florida.

This is not nor has it ever been the homestead of the Grantor.

Subject to restrictions and easements of record, if any.

TOGETHER, with all of the tenements, hereditaments, and
appurtenances thereto belonging or in anywise appertaining.

TO HAVE AND TO HOLD, the same in fee simple forever.

AND Grantors hereby covenants with Grantee that Grantors are
lawfully seized of the Property in fee simple; that the Grantors
have good right and lawful authority to sell the Property; and
hereby warrant the title to the Property and will defend the same
against the lawful claims of all persons claiming by, through or
under the Grantors. This conveyance is subject to taxes accruing
subsequent to December 31, 2011, and to easements, restrictions,
agreements, conditions, limitations and reservations of record, but
this reference to restrictions shall not operate to reimpose same.

Grantee shall have the power and authority either to protect,
conserve and to sell, or to lease, or to encumber, otherwise to
manage and dispose of the real property described herein, in
accordance with F.S. 689.071. The successor trustee shall have the
same powers granted to the original trustees, as set forth above.

IN WITNESS WHEREOF, the party of the first part have hereunto
set her hand and seal the day and year first above written.

## EXHIBIT "G"

Signed, Sealed and Delivered in Our Presence

_Steve R. Sandman_

_Dave Scott_

Jodell M. Altier

STATE OF FLORIDA )
COUNTY OF ~~ORANGE~~ SEMINOLE )

    The foregoing instrument was acknowledged before me this 10 day of JULY , 2012 by Jodell M. Altier.

Notary Public

JULIE TRUJILLO
Notary Public - State of Florida
My Comm Expires Jun 8, 2014
Commission # DD 985327

Personally Known ✓ OR Produced Identification _____
Type of Identification Produced _____

8

CFN 2013208537 OR BK 6902 Page 2207 Recorded 02/12/2013 at 01:28 PM, Scott Ellis, Clerk of Courts, Brevard County Doc. D: $0.70

Prepared by

After Recorded return to
Jodell M & Joseph E Altier
2507 Rout Dr
Orlando, FL 32835

# Warranty Deed

STATE OF FLORIDA        )(
                         )(
COUNTY OF BREVARD        )(

KNOW ALL MEN BY THESE PRESENTS, that Jodell M Altier & Joseph E Altier, Trustees of Brevard County Florida, grant and convey for Ten Dollars and other valuable considerations unto the said Grande Legacy Group (A Texas Joint-Stock Company) of Orange County, Florida all that certain residential lot and improvements known as:

   280 Lanternback Island Drive Satellite Beach, Brevard County, Florida 32937

That property located and more specifically described as that property;

   Real property in the County of Brevard, State of Florida –

   *Legal Description.*

   LOT 28, BLOCK 7, TORTOISE ISLAND, PHASE FOUR, PUD, BOOK 34, PAGE 69  BREVARD COUNTY, FLORIDA

To have and to hold the above described premises, together with all and singular, the rights and appurtenances thereto in any wise belonging unto the said Grande Legacy Group its heirs or assigns forever, and we do hereby bind ourselves, our heirs, executors and administrators to warrant and forever defend all and singular the said premises unto the said Grande Legacy Group its heirs and assigns, against every person whomsoever lawfully claiming or to claim the same, or any part thereof. This Deed is subject to any liens and mortgages authorized and executed by the Grantors.

by _____          _____
Jodell M Altier, Trustee                  Witness
                                          *KATHERINE BECK*
                                          Print

_____              _____
Joseph E Altier, Trustee                  Michele Dobrucky
                                          Witness
                                          Michele Dobrucky
                                          Print

EXHIBIT "H"

STATE OF FLORIDA        )(
                        )(
COUNTY OF Orange        )(

On the 17 day of _____ Sept _____, 2013, before me came, Jodell M. Altier & Joseph E Altier Trustees, known to me to be the individuals described in, and who executed the foregoing instrument, and he/her acknowledged that he/her executed the same, and in due form of law acknowledged the foregoing instrument to be his/her free act and deed and desired the same might be recorded as such.

Witness my hand and official seal.

Javier Solis
Printed Name

_____
Notary Public in and for the State of Florida

My Commission Expires: 03/15/16

JAVIER SOLIS
Notary Public - State of Florida
My Comm Expires Mar 15, 2016
Commission # EE 179839
Bonded Through National Notary Assn

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.: 6:15-BK-01838-KSJ


IN RE:

JODELL M. ALTIER

    DEBTOR.


RULE 2004 EXAMINATION

DEPOSITION OF:     JODELL M. ALTIER

TAKEN ON:     NOVEMBER 6, 2015

TIME:     9:00 A.M. - 9:50 A.M.

LOCATION:     LATHAM, SHUKER, EDEN & BEAUDINE
     111 NORTH MAGNOLIA AVENUE
     SUITE 1400
     ORLANDO, FL 32801


REPORTER:     SANDRA A. MOSER, RPR, FPR
     AND NOTARY PUBLIC


**EXHIBIT "I"**

REALTIME REPORTERS, INC.   407-884-4662
REALTIMERPRS@GMAIL.COM

1    A    YES.

2    Q    DOES HE PAY RENT TO YOU GUYS?

3    A    NO, HE DOESN'T.

4    Q    HAVE YOU OR YOUR HUSBAND TRANSFERRED ANY

5  OTHER PROPERTY TO GRANDE LEGACY GROUP OTHER THAN THE

6  GAINESVILLE PROPERTY OR THE ROAT DRIVE PROPERTY?

7    A    YES.  WE HAVE TWO LAND PARCELS.

8    Q    WHERE ARE THOSE LAND PARCELS?

9    A    ONE IS AT SATELLITE BEACH AND ONE IS IN

10  PALMA VISTA.

11    Q    WHAT ARE THE ADDRESSES OF THOSE PROPERTIES?

12    A    NO CLUE.

13    Q    LET'S TALK ABOUT THE SATELLITE BEACH

14  PROPERTY.  WHEN DID YOU PURCHASE THE SATELLITE BEACH

15  PROPERTY?

16    A    I DON'T KNOW.  2000 SOMETHING.

17    Q    DO YOU KNOW HOW MUCH YOU PAID FOR IT?

18    A    NO.

19    Q    DO YOU REMEMBER HOW YOU PURCHASED IT?

20  MEANING, DID YOU TAKE OUT A LOAN OR DID YOU PAY CASH

21  FOR IT?

22    A    I THINK WE PAID CASH FOR IT.

23    Q    DO YOU KNOW IF THERE'S ANY MORTGAGE OR ANY

24  OTHER LIEN ON THAT PROPERTY?

25    A    NO.

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.: 6:15-BK-01838-KSJ

IN RE:

JODELL M. ALTIER,
     DEBTOR.
_____/

GOSHEN MORTGAGE, LLC,          AP NO.: 6:15-AP-00156-KSJ
     PLAINTIFF,

V.

JODELL M. ALTIER,
     DEFENDANT.
_____/

GENE T. CHAMBERS,              AP NO.: 6:16-AP-00013-KSJ
     PLAINTIFF,

V.

JODELL M. ALTIER, JENNIFER E.
SANDMAN AND JILL A. ALTIER, ET AL.
_____/

DEPOSITION OF:    JODELL ALTIER

TAKEN ON:         JUNE 23, 2016

TIME:             10:05 A.M. - 11:17 A.M.

LOCATION:         LATHAM, SHUKER, EDEN & BEAUDINE, LLP
                  111 NORTH MAGNOLIA AVENUE
                  SUITE 1400
                  ORLANDO, FL 32801


REPORTER:         SANDRA A. MOSER, RPR, FPR
                  AND NOTARY PUBLIC


**EXHIBIT "J"**

1   DOLLARS AND 1000 SHARES OF STOCK CONTAINED IN THE

2   JOINT-STOCK COMPANY FOR REAL AND/OR PERSONAL PROPERTY,

3   A LIST BEING ATTACHED HERETO COMPRISING OF SCHEDULE A

4   AND SCHEDULE B."

5        Q    DID YOU RECEIVE $10.00 IN EXCHANGE FOR THE

6   GRANDE LEGACY GROUP STOCK INTEREST?

7        A    I DON'T KNOW.

8        Q    DO YOU KNOW WHO WOULD KNOW?

9        A    NO.

10       Q    UNDER SCHEDULE B, IT LISTS REAL PROPERTY;

11  AND THERE IS A REFERENCE TO A 216 NORTHEAST 10TH

12  STREET, GAINESVILLE, FLORIDA 32601.  DO YOU SEE THAT

13  THERE?

14       A    YES.

15       Q    AND THERE'S ALSO, ON THE THIRD PAGE, A

16  REFERENCE TO 280 LANTERNBACK ISLAND DRIVE, SATELLITE

17  BEACH, FLORIDA 32937.  DO YOU SEE THAT?

18       A    YES.

19       Q    AND THERE'S ALSO A REFERENCE TO 2122 KETTLE

20  DRIVE, ORLANDO, FLORIDA 32835.  DO YOU SEE THAT?

21       A    YES.

22       Q    OKAY.  AND IS IT YOUR UNDERSTANDING THAT

23  THESE PROPERTIES WERE ALSO TO BE TRANSFERRED TO GRANDE

24  LEGACY TRUST?

25       A    YES.

1      Q    AND -- OKAY.  AND WERE THOSE PROPERTIES

2  TRANSFERRED TO GRANDE LEGACY TRUST?

3      A    YES.

4      Q    DID YOU EXECUTE ANY DOCUMENTS THAT WOULD

5  EVIDENCE THAT TRANSFER?

6      A    YES.

7           MR. LUNA:  CAN WE MARK THIS AS EXHIBIT

8      NUMBER SEVEN, PLEASE.

9           (THE REFERRED TO DOCUMENT WAS MARKED FOR

10     IDENTIFICATION AS EXHIBIT 7).

11  BY MR. LUNA:

12     Q    WE'VE HANDED YOU WHAT'S BEEN MARKED AS

13  EXHIBIT NUMBER SEVEN.  IF YOU'D TAKE A MINUTE TO LOOK

14  AT THIS DOCUMENT AND LET ME KNOW IF YOU HAVE SEEN IT

15  BEFORE.

16     A    YES.

17     Q    OKAY.  AND WHAT IS YOUR UNDERSTANDING OF

18  THIS DOCUMENT?

19     A    TEXAS JOINT STOCK COMPANY SHARES OF GRANDE

20  LEGACY GROUP.

21     Q    DID YOU CREATE THIS DOCUMENT?

22     A    NO.

23     Q    DO YOU KNOW WHO DID?

24     A    NO.

25     Q    DID YOU SIGN THIS DOCUMENT?

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.: 6:15-BK-01838-KSJ

IN RE:

JODELL M. ALTIER,
    DEBTOR.
_____/

GOSHEN MORTGAGE, LLC,        AP NO.: 6:15-AP-00156-KSJ
    PLAINTIFF,

V.

JODELL M. ALTIER,
    DEFENDANT.
_____/

GENE T. CHAMBERS,        AP NO.: 6:16-AP-00013-KSJ
    PLAINTIFF,

V.

JODELL M. ALTIER, JENNIFER E.
SANDMAN AND JILL A. ALTIER, ET AL.
_____/

DEPOSITION OF:    JOSEPH ALTIER

TAKEN ON:    JUNE 23, 2016

TIME:    1:00 P.M. - 1:45 P.M.

LOCATION:    LATHAM, SHUKER, EDEN & BEAUDINE, LLP
        111 NORTH MAGNOLIA AVENUE
        SUITE 1400
        ORLANDO, FL 32801

REPORTER:    SANDRA A. MOSER, RPR, FPR
        AND NOTARY PUBLIC

**EXHIBIT "K"**

1      Q     DOES IT CONDUCT ANY BUSINESS?

2      A     I DON'T THINK SO.

3      Q     I HAND YOU WHAT'S BEEN MARKED AS EXHIBIT

4   NUMBER SIX.  HAVE YOU SEEN THIS DOCUMENT BEFORE?

5      A     MUST HAVE.  I SIGNED IT.

6      Q     THANK YOU.  ON THE THIRD PAGE HERE IS A

7   SCHEDULE B, WHICH LISTS CERTAIN REAL PROPERTY.  DO YOU

8   SEE THAT THERE?

9      A     YES.

10      Q     IT LOOKS LIKE THERE'S, I BELIEVE, FOUR

11   DIFFERENT PIECES OF PROPERTY?

12      A     YES.

13      Q     IS IT YOUR UNDERSTANDING THAT THOSE

14   PROPERTIES WERE TRANSFERRED TO GRANDE LEGACY?

15      A     YES.

16      Q     SO WHAT DID THE OWNERS OF THOSE PROPERTIES

17   GET IN RETURN FOR THE TRANSFER?

18      A     I THINK THE STOCKS WAS WHAT WE GOT.

19      Q     DID YOU EVER ASK ABOUT THE VALUE OF THE

20   STOCK?

21      A     NO.

22      Q     DO YOU KNOW WHAT THE STOCK IS WORTH?

23      A     NO.

24      Q     WERE YOU EVER PROVIDED ANY TYPE OF

25   PROSPECTUS OR ANY TYPE OF INFORMATION CONCERNING

# MINUTES

Exhibit # 6

Date: 10-23-16

Jam

## of

# GRANDE LEGACY GROUP

1. The Creator approached Joseph E. Altier & Jodell M. Altier , Exchanger, and offered to trade Ten Dollars and 1000 shares of stock contained in the Joint-Stock Company for real and/or personal property, a list being attached hereto comprising of Schedule A and Schedule B.

After due consideration by all concerned, it was unanimously agreed to accept the proposed trade; the exchange was made.  This exchange does not constitute a sale or gift.

_____  9/13/13
Joseph E. Altier          Date
Exchanger/Creator

_____  9/13/13
Jodell M. Altier          Date
Exchanger/Creator

Grande Legacy Group
8-15

# SCHEDULE A

## PERSONAL PROPERTY

Grande Legacy Group
9-15

# SCHEDULE B

## REAL PROPERTY
### (Legal description)

1. **2507 Roat Dr Orlando, FL 32835**

That property located and more specifically described as that property;

Real property in the County of Orange, State of Florida —

*Legal Description:*

LOT 26A, PALMA VISTA REPLAT, ACCORDING TO THE PLAT OR MAP THEREOF AS RECORDED IN PLAT BOOK 29, PAGE 45, OF THE PUBLIC RECORDS OF ORANGE COUNTY, FLORIDA.
APN: 23-28-03-6577-00-260

And

**216 NE 10th ST GAINESVILLE, FL 32601**

A TRACT OF LAND SITUATED IN LOT 34 OF HILLS ADDITION TO THE CITY OF GAINESVILLE; AS PER PLAT THEREOF RECORDED IN PLAT BOOK "A", PAGE 71 OF THE PUBLIC RECORDS OF ALACHUA COUNTY, FLORIDA, BEING MORE PARTICULARLY DESCRIBED AS FOLLOWS: FOR A POINT OF REFERENCE, COMMENCE AT A 4" X 4" CONCRETE MONUMENT AT THE NORTHWEST CORNER OF SAID LOT 34 AND RUN SOUTH 00° EAST ALONG THE WEST LINE OF SAID LOT 34, A DISTANCE OF 70.00 FEET TO A 1/2 INCH REBAR AND CAP LS 4116; THENCE RUN SOUTH 89°55'05" EAST, 112.50 FEET TO A 1/2 INCH REBAR AND CAP LS 4116 AND THE POINT OF BEGINNING; THENCE CONTINUE SOUTH 89°55'05" EAST, 41.14 FEET TO A 1/2 INCH REBAR AND CAP LS 4116; THENCE RUN SOUTH 00°04'50" WEST, 110.00 FEET TO A 1/2 INCH REBAR AND CAP LS 4116 ON THE NORTH RIGHT OF WAY LINE OF EAST BOULEVARD (N.E. 10TH AVENUE); THENCE RUN NORTH 89°32'40" WEST ALONG SAID NORTH RIGHT OF WAY LINE, A DISTANCE OF 40.31 FEET TO A NAIL AND CAP PRM LS 4116; THENCE RUN NORTH 00° 21'14" WEST, 109.74 FEET TO THE POINT OF BEGINNING. CONTAINING 4,474 SQUARE FEET MORE OR LESS.

APN: 09910-004-000

And

Grande Legacy Group
ID-15

280 Lanternback Island Drive Satellite Beach, FL 32937

LOT 28, BLOCK 7, TORTOISE ISLAND, PHASE FOUR, PUD, BOOK 34, PAGE 69 BREWARD COUNTY, FLORIDA

And

2122 Kettle Dr Orlando, FL 32835

LOT 67, METROWEST UNIT 2 REPLAT, ACCORDING TO THE PLAT THEROF AS RECORDED IN PLAT BOOK 23, PAGES 120 AND 121 OF THE PUBLIC RECORDS OF ORANGE COUNTY, FLORIDA